# JUNE 26, 1935

## EX PARTE CHESTER BELL.

No. 17831. Delivered June 26, 1935.

The opinion states the case.

*Glenn Capps,* of Mason, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—This is an appeal from an order of the Hon. Lamar Thaxton, Judge of the 33rd Judicial District Court of Texas, setting the amount of relator's appearance bond at the sum of $5000.00, which he asserts he is unable to make.

It appears from the record that the court had therefore fixed relator's bond in the sum of $10,000 but at the conclusion of the hearing of this case the amount of the bond was reduced to the sum of $5000.00. The record shows that the relator was charged by indictment in the District Court of Mason County with the offense of rape on a female 11 years of age not the wife of relator. At the hearing of the application for the writ of habeas corpus seeking a reduction in the amount of his appearance bond, the State introduced as evidence the bill of indictment, the capias issued by the clerk of said court, which was placed in the hands of the sheriff of said county commanding him to arrest relator, together with the return thereon, and also the issuance of a copy of the indictment and the return thereon by the sheriff showing that the same had been served. Relator introduced the alleged injured female as a witness and she testified that relator did not at any time have an act of sexual intercourse with her nor had he ever attempted to do such a thing. In rebuttal of this testimony the State offered her testimony given before the grand jury which showed the relator's guilt of the offense with which he was charged. The State also showed by a doctor that he took some blood from the relator and from the injured female which he forwarded to the laboratory of the State Department of Health with a report thereon by said department showing that the relator and the injured female were suffering from the same ailment. Relator offered no testimony of his ability or inability to make said bond, although he alleged in his application that he was but 19 years of age, that he was possessed of no property, that he had no relatives or friends who are possessed of property sufficient to make said bond in said amount, but allegations do not prove themselves; it was incumbent on relator to support the allegations by proof. However, there is some testimony in the record showing that relator was employed by the mother of the alleged injured female as a farm hand, from which an inference arises that he was not possessed of any property and that he had no near relatives who were possessed of property sufficient to make

an appearance bond in the sum of $5000.00, the amount fixed by the trial court.

In view of said testimony and the weakness of the State's case, as disclosed by the record at the hearing thereof, we think that the amount of the bond as fixed by the trial court is excessive. Therefore, the judgment of the trial court is reversed and the relator's bond is set at the sum of $1500.00.

*Bond reduced.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.